Law Office of Steven L. Crawford
Steven L. Crawford #166488
P.O. Box 553
Grover Beach, CA 93483
Tel: (805)458-6312
slcrawfordlaw@gmail.com

Attorney for Defendant
BARBARA DIAZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>BARBARA DIAZ,<br>Defendant. | Case No. 1:25-cr-000132<br><br>FORMAL OBJECTION/SENTENCING MEMORANDUM<br><br>Judge: Hon. JENNIFER L. THURSTON |

TO DISTRICT COURT JUDGE TIMOTHY M. BURGESS:

The Defendant, KAREN KASAK, by and through her attorney Steven L. Crawford does hereby submits this formal objection and sentencing memorandum in an effort to assist the court in determining the appropriate sentence in this matter. The defense is in agreement with the Presentence Officer's guideline findings with only the following objection.

FORMAL OBJECTION TO THE PRESENTENCE REPORT

**Objection 1: Pages 13-15, paragraphs 45-49**

The defense objects to the heading "Other Criminal Conduct" in the PSR. The defense believes that all the contacts with law enforcement mentioned in these paragraphs do not amount to "criminal conduct' as they were all either dismissed or never filed, therefore no criminal conduct.

## SENTENCING MEMORANDUM

### I. INTRODUCTION

COMES NOW the defendant, BARBARA DIAZ, by and through her attorney, Steven L. Crawford and respectfully submits this Sentencing Memorandum in advance of her sentencing hearing. Ms. Diaz entered a plea of guilty to one count of Conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 USC 846, 841(a)(1) and 841(c)(1)(C). The probation officer is requesting 21 months. The defense agrees this is the appropriate guideline calculation, however the defense believes that a downward variance is warranted in this case.

The defense would request a 12-15 months sentence with a supervised release term to follow. Such a sentence is sufficient, but not greater than necessary, to satisfy the purposes of 18 USC 3553(a).

### 18 USC Section 3553a

Title 18 United States Code Section 3553a states as follows:

(a) **Factors To Be Considered in Imposing a Sentence**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of this Subsection. The court, in determining the particular sentence to be imposed, shall consider--

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed—
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. the kinds of sentences available;
4. the kinds of sentence and the sentencing range established for---
   a. the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines—…

## I. FACTUAL BACKGROUND

This story begins with a young lady who had an upbringing that is unexplainable, unpardonable and hard to put into words, so I won't try. It was a miserable upbringing and she turned to the street and drugs to help her cope. Ms. Diaz allowed her addiction to dictate her decisions and here we are.

Ms. Diaz appeared to have begun to understand her addiction and was on her way to sobriety when she was released pretrial. She did very well for several months and then she violated and placed in custody. The defense believes that mental health counseling and/or other programs would go a long way to helping Ms. Diaz deal with her tragic background, her addictions and move her into her future of being a contributing member of society.

## II. ARGUMENT

## 18 USC 3553(a) Factors

18 USC 3553 requires imposition of a sentence that is "sufficient, but not greater than necessary" to meet the statutory sentencing goals.

### A. The nature of the offense and the character of the defendant (3553(a)(1))

The offense in this case is serious, but several mitigating aspects are present. Ms. Diaz was asked to drive someone to the jail that she knew had drugs on him and was trying to take them into the jail. Ms. Diaz never touched drugs, there was NO violence, NO weapons, NO exploitation of others in this matter as it relates to Ms. Diaz.

Ms. Diaz is no longer the same person as the person who committed this offense.

**B. Need for the Sentence Imposed (3553(a)(2)(A)-(B))**

**1. Just punishment, respect for the law and deterrence (3553(a)(2)(A)-(B))**

Ms. Diaz has already been through a 90 day program in which the PSR accurately reports Ms. Diaz left the program on the 86th day. However, what wasn't reported was that Ms. Diaz was doing very well in the program, however, she reported (earlier on in her programming) that a person in her unit was sexually abusing and harassing her, including unwanted touching. She was not moved nor was this activity stopped. When Ms. Diaz realized the program director was not going to assist her, she didn't just get up and leave. She went to her counselor and stated to her that her intent was to leave the program, why, and where she was going.. During this time, Ms. Diaz was constantly on the phone with counsel's office and it is believed she notified pretrial as well, prior to leaving. Lastly, Ms. Diaz, defense counsel and the pretrial officer had several conversations regarding this incident so everyone was informed. She was not absconding. When defense counsel spoke with the program following Ms. Diaz leaving the facility, the program indicated, they considered her as completing the program. So as far as not staying the full 90 days, there is no doubt but she did not stay 90 days, but as for completing the program, the defense argues it was completed.

Ms. Diaz spent the past 8 months in custody, was publicly arrested, and with the collateral consequences of a federal felony conviction extended incarceration is not necessary to promote respect for the law or to deter her, she has found that path on her own (with the help of the court). The certainty of conviction and the loss of her prior lifestyle have already achieved specific deterrence. General deterrence is satisfied by the felony conviction, and the severe collateral consequences that will follow her for life.

**2. Protection of the Public (3553(a)(2)(C))**

Ms. Diaz poses no meaningful risk of reoffending. She has dedicated herself to sobriety, a stable family life, seeking employment, and deep investment living her life in a sober, meaningful way. The defense believes extended incarceration would only disrupt this stability and increase, rather than decrease, any long term risk to the public.

**3. Correctional Treatment (3553(a)(2)(D)**

The defendant requires ongoing medical care for her chronic conditions and continued support for her substance abuse recovery. However, in addition, Ms. Diaz needs help with her mental health issues. These needs are far better met in the community through outpatient treatment, stable housing, family support and proximity to medical providers.

**C. Kinds of Sentences Available and Sentencing Range.**

The advisory guideline range in this case is 21-27 months. Because the safety valve applies, the Court is not bound by any statutory minimum. The guidelines are advisory, and the Court may vary downward when the 3553(a) factors so warrant. A 12-15 month sentence is available and appropriate in this case.

**D. Avoiding Unwarranted Sentencing Disparities (3553(a)(6)**

A sentence of 12-15 months would not create disparity; rather it would align Ms. Diaz with other similarly situated defendants who have demonstrated some post-arrest ability to follow the court's orders and low criminal history. Defendants with comparable records and positive changes routinely receive below-guideline sentences.

**E. Other Considerations**

No victims suffered direct loss, and no restitution is owed. The defendant's guilty plea spared the government and Court the resources of trial.

## CONCLUSION

This case began with a different person than the one ending this case. Ms. Diaz is an addict, she continues to strive toward sobriety. This route has taken twists and turns at times but Ms. Diaz has continued to push to sobriety. She has become a stable and contributing family member and has proven that she can succeed outside of custody. A sentence of 12-15 months is sufficient but not greater than necessary to achieve the purposes of 3553(s).

The defendant therefore, respectfully requests that the Court impose a sentence of 12-15 months with appropriate conditions on supervised release, including continued substance abuse testing and treatment, home detention (if the court deems it appropriate), and any other conditions the Court finds warranted.

Respectfully submitted,

Date: September 8, 2026

*/s/ Steven L. Crawford*
Steven L. Crawford
Attorney for Defendant
BARBARA DIAZ